IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ALEXANDER WESLEY RAY**                                                                **PLAINTIFF**
**ADC #137950**

V.                          NO. 2:22-cv-00095-KGB-ERE

**DELTA REGIONAL UNIT**                                                                 **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Discussion:**

Plaintiff Alexander Wesley Ray, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. Ray alleges that, after he was transferred from the Delta Regional Unit to the Varner Supermax Unit, unidentified ADC officials failed to return his personal

property.¹ He names the Delta Regional Unit as the only Defendant. The Court has reviewed Mr. Ray's complaint as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a).² Mr. Ray's claims should be dismissed based on his failure to state a plausible claim for relief.

First, section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights. The Delta Regional Unit is not an entity that can be sued in a § 1983 action. See *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dep't of Corrs.*, 353 F.3d 1038, 1041 (8th Cir. 2004).

Second, even assuming Mr. Ray's allegations to be true, such conduct fails to rise to the level of a constitutional violation. It is settled law that an inmate cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as state law provides a post-deprivation remedy to address the

---

¹ Mr. Ray states that ADC officials confiscated the following items: (1) two bowls; (2) three cups; (3) one pair of tennis shoes; (4) legal mail; (5) family letters; (6) a radio; (7) ear buds; (8) colored pencils; (9) magazines; (10) newspapers; and (11) family pictures. Mr. Ray does not allege that he suffered any actual injury as a result of ADC officials confiscating his legal mail. See *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (an allegation that prison officials impeded access to the courts requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury).

² The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

property loss. *See Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished table decision); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 541 (1981). Arkansas provides a post-deprivation remedy by allowing Mr. Ray to file a claim for the loss of his personal property with the Arkansas Claims Commission. See *McClinton v. Arkansas Dept. of Corr.*, 166 F. App'x 260, 260-61 (8th Cir. 2006); *Williams v. Campbell*, 25 F. App'x 477, 479 (8th Cir. 2001).

Because Mr. Ray has an adequate post-deprivation remedy available to him under Arkansas law, he has not pled a viable due process claim for the alleged loss of his personal items.

### III.  **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Ray's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated this 3rd day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE