IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ALEXANDER WESLEY RAY**                                                                                         **PLAINTIFF**

v.                                              **Case No. 2:22-cv-00095-KGB**

**DELTA REGIONAL UNIT**                                                                                         **DEFENDANT**

**ORDER**

      Before the Court is a Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 4).  Plaintiff Alexander Wesley Ray filed objections to the Recommended Disposition (Dkt. No. 5).  After careful consideration of the Recommended Disposition, Mr. Ray's objections, and a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety as its own (Dkt. No. 4).

      In her Recommended Disposition, Judge Ervin screened Mr. Ray's complaint pursuant to 28 U.S.C. § 1915(a) (Dkt. No. 4).  As an initial matter, Judge Ervin found that Mr. Ray's claims under 42 U.S.C. § 1983 against defendant Delta Regional Unit fail because Delta Regional Unit is not an entity that can be sued in a § 1983 action (*Id.*, at 2 (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dep't of Corrs.*, 353 F.3d 1038, 1041 (8th Cir. 2003)).  Further, Judge Ervin found that Mr. Ray's allegations about the loss of his personal property fail to state a viable § 1983 due process claim because Mr. Ray has an adequate post-deprivation remedy available under Arkansas law (*Id.*, at 2–3).  Judge Ervin therefore recommended that Mr. Ray's claims be dismissed based on his failure to state a plausible constitutional claim for relief (*Id.*, at 3).

      The Court writes to address Mr. Ray's objections (Dkt. No. 5).  In his objections, Mr. Ray contends that he has stated a plausible claim for relief because he "stated exactly what I wanted . . . for Delta Regional Unit to replace my personal property by returning it to me and or paying me

the value of my personal property." (*Id.*, ¶¶ 2–3). The Court acknowledges Mr. Ray's objections. However, as Judge Ervin correctly noted, Delta Regional Unit is not an entity that can be sued in a § 1983 action (Dkt. No. 4, at 2). The Court agrees with Judge Ervin's assessment that Mr. Ray cannot bring a § 1983 due process claim for intentional or negligent loss of his property because Arkansas provides a post-deprivation remedy by allowing Mr. Ray to file a claim for loss of his personal property with the Arkansas State Claims Commission (Dkt. No. 4, at 3). *See generally* Ark. Code Ann. § 19–10–204(a). Upon a *de novo* review of the record, including the Recommended Disposition, the Court finds that Mr. Ray's objections break no new ground and fail to rebut Judge Ervin's findings.

The Court adopts the Recommended Disposition (Dkt. No. 4). It is therefore ordered that:

1. Mr. Ray's complaint is dismissed without prejudice (Dkt. No. 2).

2. The Court recommends that dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered this 21st day of February, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge